# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CR No. 2:21-CR-20202-JPM |
| | ) |
| vs. | ) |
| | ) |
| SAUL WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE TO DEFENDANT SAUL WILLIAMS' APPEAL OF DENIAL OF MOTION FOR BOND

COMES NOW the United States of America, by and through its counsel, Joseph C. Murphy, Jr., Acting United States Attorney for the Western District of Tennessee, and the undersigned Assistant United States Attorney, Wendy K. Cornejo, and responds to the defendant's appeal of denial of motion for bond. (RE-19).  The United States hereby relies on its arguments and evidence presented on the September 28, 2021 hearing.  (RE-21, Transcript).  Based on the foregoing, and the entire record in this matter, the United States requests that this Honorable Court adopt the Magistrate Judge's denial of the defendant's motion for bond.  (RE-12, Detention Order). In addition, the United States requests that a request for a new hearing be denied.  This case is currently set for a Final Report Date before the Honorable Jon Phipps McCalla on November 12, 2021.  (RE-18, Scheduling Order).

**BACKGROUND**

On September 16, 2021, Williams was charged with a three-count indictment for the following charges: Count 1 charged Williams with possession of 5 grams or more of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); Count 2 charged Williams with conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 846; and Count 3 charged Williams with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). (RE-1, Indictment.) On September 28, 2021, a detention hearing was conducted in front of Magistrate Judge Charmiane G. Claxton. (RE-11, Minute Entry). After the hearing, Judge Claxton ordered that the defendant be detained. (RE-12, Detention Order).

**ARGUMENT**

The United States hereby relies on its arguments and evidence presented on the September 28, 2021 hearing. (RE-21, Transcript). It is the government's position that there is no basis for overturning Judge Claxton's decision. Judge Claxton heard the evidence presented to her, and she made a legal and just ruling based on the factors as outlined under Section 3142. Based on the foregoing, and the entire record in this matter, the United States requests that this Honorable Court adopt the Magistrate Judge's denial of the defendant's motion for bond. (RE-12).

Williams has moved to reopen the issue of detention. Williams claims in his motion that "there are a set of conditions that would ensure his presence in court and safely protect the public. (RE-19 at Paragraph 4). Title 18 U.S.C. § 3142(f) allows a judicial officer, "at any time before trial," to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the… safety of any other person

and the community." Moreover, Title 18 U.S.C. § 3142(i) also allows any judicial officer to "permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

In his motion, Williams fails to state whether information existed that was not known to Williams at the time of the hearing that had "a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(f). In the original hearing, the defense argued home monitoring would "assure the safety of the community upon release." (RE-21, transcript, PageID 73, lines 3-4). The United States opposes release due to the immense danger to the community William poses and given the nature of the charges. Methamphetamine is a highly addictive and dangerous narcotic. According to the United States Sentencing Commission, methamphetamine trafficking offenders have increased by 13.9 % since Fiscal Year 2016. *(See* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Methamphetamine_FY20.pdf. Moreover, in Fiscal year 2020 the Eastern District of Tennessee was one of the top five districts for methamphetamine trafficking offenders. *Id.*

During his initial detention hearing, Williams was found to be a danger to the community. (RE-21 at PageID 77, lines 3-4). Moreover, Judge Claxton ruled that home monitoring "wouldn't prohibit the type of activity that is alleged to have occurred when Mr. Williams was already on supervision." *Id*. at PageID 79, lines 13-15. Williams' motion failed to claim any set of facts or law that would materially alter the Magistrate Judge's determination that the defendant was a danger to the community, therefore the issue of detention should not be reopened.

3

Additionally, Williams has failed to justify the defendant's temporary release under § 3142(i) that lists "such release to be necessary for preparation of the person's defense or for another compelling reason." As noted in *United States v. Kennedy* 449 F. Supp3d 713, 717 (E.D.M.I. March 27, 2020), § 3142(i) "does not define "compelling reason," and the Sixth Circuit has yet to interpret this statutory language." The most recent lines of cases have held that COVID-19 is a compelling reason for temporary release. "[A]s courts across the country have begun to recognize, the global health crisis posed by COVID-19 necessitates informed, speedy, and preemptive action to reduce the risk of infection, illness, and death to prisoners and prison officials alike." *See Xochihua-Jaimes v. Barr*, 798 Fed.Appx. 52 (9th Cir. 2020) (sua sponte ordering release of non-citizen from immigration detention center "[i]n light of the rapidly escalating public health crisis, which public health authorities predict will especially impact immigration detention centers."); *United States v. Perez*, No. 19-cr-00297, ECF No. 62 (S.D.N.Y. Mar. 19, 2020) (finding that the defendant's heightened risk to COVID-19 complications constitutes a compelling reason for release under § 3142(i)); *United States v. Barkman*, 446 F.Supp.3d 705, 709-10 (D. Nev. Mar. 17, 2020) (granting emergency relief amending probation order to delay confinement for thirty days because of risk of infection to both Defendant and others in jail). The *Kennedy* court further ruled that the COVID-19 pandemic did present an impact on the defendant's ability to present a defense. *Kennedy* at 718. In the present case, Williams has not stated a compelling reason for temporary detention. Additionally, Williams does not allege in his motion that he can not adequately prepare for trial with his attorney.

It is the government's position that this Court should deny the defendant's request for a new hearing. However, if this Court does grant the defendant a new hearing, Williams has failed to overcome the presumption in favor of detention. "Under the Bail Reform Act, 18 U.S.C. §

4

3142, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" United *States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)).  Subject to rebuttal, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention . . . ." *Id*.  "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged.  Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention." *Id.* (citation omitted).

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946.  In determining whether the government has met this burden, the court must consider four facts: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his criminal history and whether he committed the charged crime while under court supervision; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).  At the September 28th hearing, the United States overcame its burden of proving that no conditions or release would assure the safety of the community.  It is the government's position that a hearing should not be reopened.  Assuming *arguendo* this Court finds that the defendant has established a substantial change of circumstances or a compelling reason, the United States will present evidence that addresses the factors that are outlined in § 3142.

## CONCLUSION

For the above stated reasons, the United States respectfully requests that William's Motion for Reconsideration of Bond is denied and that the defendant's request for a hearing also be denied. This is a dangerous individual charged with serious crimes. Given the nature of the current charges, that being drug felonies, and the lack of a change in circumstances, the United States requests that Williams remain detained pending trial.

Respectfully Submitted,

**Joseph C. Murphy, Jr.**
**Acting United States Attorney**

By:   s/ Wendy K. Cornejo
Wendy K. Cornejo (IL#6281679)
Assistant United States Attorney
167 North Main, Suite 800
Memphis, Tennessee 38103
Telephone:   (901) 229-5553
Email: wendy.cornejo@usdoj.gov

## CERTIFICATE OF SERVICE

I, Wendy K. Cornejo, Assistant United States Attorney, hereby certify that a true and correct copy of the foregoing has been forwarded by electronic means via the Court's electronic filing system.

This 3RD DAY OF November 2021.

By:   s/ Wendy K. Cornejo
Wendy K. Cornejo (IL#6281679)
Assistant United States Attorney
167 North Main, Suite 800
Memphis, Tennessee 38103
Telephone:   (901) 229-5553
Email: wendy.cornejo@usdoj.gov